Perdomo v 361 E. Realty Assoc. LLC (2026 NY Slip Op 00860)

Perdomo v 361 E. Realty Assoc. LLC

2026 NY Slip Op 00860

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 161139/22, 595656/23|Appeal No. 5809|Case No. 2025-02905|

[*1]Kelvin Perdomo, Plaintiff-Respondent,
v361 East Realty Associates LLC, et al., Defendants, G.F. Enterprise LLC, et al., Defendants-Appellants.

G.F. Enterprise LLC, et al., Third-Party Plaintiffs-Appellants,
vJFZ Construction Inc., Third-Party Defendant.

Bongiorno, Montiglio, Mitchell & Palmieri, PLLC, Mineola (Alexys M. Mantione of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered April 9, 2025, which denied the motion of defendants/third party plaintiffs G.F. Enterprise LLC and GFE E. Fordham Road LLC (together, GF) to compel plaintiff's production of funding documentation and lien information related to his treatment by various medical providers, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying GF's motion to compel discovery of documents related to litigation funding, as GF has not shown why the funding documents are material and necessary to a defense of this action (see CPLR 3101[a]; Worldview Entertainment Holdings, Inc. v Woodrow, 204 AD3d 629 [1st Dept 2022]). The amount and source of litigation funding is not a subject of plaintiff's claims for damages, and GF has not explained how discovery of funding documents would support or undermine any particular claim or defense (cf. Smartmatic USA Corp. v Fox Corp., 2023 NY Slip Op 30886[U], *3 [Sup Ct, NY County 2023] [discovery of litigation funding agreements proper where the issue of plaintiffs' motivation to sue defendants was an element of defendants' anti-SLAPP counterclaim]). GF also offers no basis for its theory that litigation funding documents would shed light on plaintiff's motivation for bringing the action, and it is otherwise unclear how those documents would be of assistance in revealing any improper motive (cf. Lituma v Liberty Coca-Cola Beverages LLC, 234 AD3d 504 [1st Dept 2025] [the defendants established that information regarding litigation funding was "material and necessary" because it could reveal a financial motive for fabricating the accident]).
In addition, because litigation funding is in the form of a loan that plaintiff is obliged to repay, it does not qualify as a collateral source on which GF is entitled to discovery underCPLR 4545. To the extent that GF is entitled to information regarding whether plaintiff is actually under an enforceable obligation to repay, that information may be obtained through interrogatories or depositions. Nor has GF presented any evidence to support its assertion that a litigation funding company may, as an interested lienholder, have veto power over any potential settlement and therefore could impede a resolution of the action.
Any assertion that the litigation funding is affected by fraud is speculative. Although GF states that the doctors and facilities that treated plaintiff were named in various civil RICO actions alleging fraudulent treatment and billing practices, GF has presented no evidence of misconduct by plaintiff's doctors or his attorneys in this action, nor does GF state which of plaintiff's medical providers were named in the RICO actions. In addition, contrary to GF's assertion otherwise, the fact that almost none of plaintiff's treatment costs were billed to Medicaid even though he is a Medicaid recipient does not suggest that plaintiff and his treatment team have engaged in fraud. In fact, it is entirely plausible that plaintiff elected to obtain treatment from medical providers that did not accept Medicaid and that he was willing to pay the borrowing costs of funding for that treatment.
We have considered GF's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026